**TROUTMAN PEPPER HAMILTON SANDERS LLP**
Jeffrey M. Goldman (SBN 233840)
   E-mail: jeffrey.goldman@troutman.com
Sevana Haroutunian (SBN 315037)
   E-mail: sevana.haroutunian@troutman.com
Andrick J. Zeen (SBN 335646)
   E-mail: andrick.zeen@troutman.com
350 S. Grand Ave. Suite 3400
Los Angeles, CA 90071
Telephone: 213.928.9800
Facsimile: 213.928.9850

*Attorneys for Defendant*
FMC CORPORATION, a Delaware corporation
a/k/a FOOD MACHINERY CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAD ATOM LLC, a California Limited Liability Company,<br><br>              Plaintiff,<br>vs.<br><br>FMC FOUNDATION, a California corporation; FMC CORPORATION, a Delaware corporation a/k/a FOOD MACHINERY CORPORATION; and DOES 1 through 10, inclusive.<br><br>              Defendants. | Case No.<br><br>**NOTICE OF REMOVAL BY DEFENDANT FMC CORPORATION**<br><br>[filed concurrently with Civil Coversheet; Declaration of Douglas Gush in Support of Notice of Removal; and Request for Judicial Notice]<br><br>Complaint Filed: December 29, 2021<br>FAC Filed: January 18, 2022 |

# TABLE OF CONTENTS

**Page**

**I. THE STATE COURT ACTION .......... 1**

**II. BASIS FOR REMOVAL – DIVERSITY JURISDICTION .......... 2**

**III. THE REQUIREMENTS FOR REMOVAL ARE SATISFIED .......... 3**

**IV. THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED 3**

**V. COMPLETE DIVERSITY EXISTS BETWEEN PROPERLY JOINED PARTIES .......... 3**

**A. FMC Foundation Is Fraudulently Joined .......... 4**

**1. FMC Foundation's 2007 Dissolution Precludes A Finding That It Could Have Made Any Representation In 2017 .......... 5**

**2. FMC Foundation's 2007 Dissolution Precludes A Finding That It Could Have Been A Party To The Assignment Or Breached The Assignment .......... 6**

**3. Plaintiff Cannot State An Alter-Ego Theory Because It Cannot Show Unity Of Interest And Ownership Or An Inequitable Result .......... 8**

**B. FMC Foundation Is Not A Necessary And Indispensable Party .......... 9**

**VI. CONCLUSION .......... 10**

# **TABLE OF AUTHORITIES**

**Page(s)**

## Cases

*A.B. Concrete Coating Inc. v. Wells Fargo Bank, Nat'l Ass'n,*
  491 F. Supp. 3d 727 (E.D. Cal. 2020) ................................................................. 6

*Higley v. Cessna Aircraft Co.,*
  2010 WL 3184516 (C.D. Cal. July 21, 2010) ...................................................... 8

*Kirkland v. Legion Ins. Co.,*
  343 F.3d 1135 (9th Cir. 2003) ............................................................................. 9

*Koehler v. Dodwell,*
  152 F.3d 304 (4th Cir. 1998) ............................................................................... 9

*Mad Atom LLC v. FMC Foundation et al.,*
  Case No. CVRI2105845 ...................................................................................... 1

*Mavrix Photographs, LLC v. Livejournal, Inc.,*
  873 F.3d 1045 (9th Cir. 2017) ............................................................................. 5

*McCabe v. General Foods Corp.,*
  811 F.2d 1336 (9th Cir. 1987) ............................................................................. 4

*Morris v. Princess Cruises, Inc.,*
  236 F.3d 1061 (9th Cir. 2001) ............................................................................. 4

*Newman-Green, Inc. v. Alfonzo-Larrain,*
  490 U.S. 826 (1989) ............................................................................................ 9

*Oja v. Blue Mountain Cmty. Coll.,*
  184 F. App'x 597 (9th Cir. 2006) ........................................................................ 7

*S.E.C. v. Daifotis,*
  874 F. Supp. 2d 870 (N.D. Cal. 2012) ................................................................ 5

*Tenet Healthsystem Desert, Inc. v. Blue Cross of California,*
  245 Cal. App. 4th 821 (2016) .............................................................................. 5

*Toho-Towa Co. v. Morgan Creek Prods., Inc.,*
  217 Cal. App. 4th 1096 (2013) ............................................................................ 8

*United Computer Sys., Inc. v. AT & T Corp.,*
  *298 F.3d 756 (9th Cir. 2002)* ................................................................................ 7

*United Studios of Self Def., Inc. v. Kristopher Rinehart, MD,*
  *No. 818CV01048DOCDFM, 2019 WL 7290468 (C.D. Cal. Dec. 30,*
  *2019)* ..................................................................................................................... 7

*United Studios of Self Def., Inc. v. Rinehart,*
  *No. SACV181048DOCDFMX, 2019 WL 6524705 (C.D. Cal. Dec.*
  *4, 2019)* ................................................................................................................. 7

**Statutes**

*28 U.S.C. § 1332* ........................................................................................................ *3*

*28 U.S.C. §§ 1441(a), 84(c)* ....................................................................................... *3*

*28 U.S.C. § 1446(a)* ................................................................................................... *1*

*28 U.S.C. § 1446(b)* ................................................................................................... *3*

*United States Code, Title 28, § 1332* ......................................................................... *2*

*United States Code, Title 28, § 1441* ......................................................................... *2*

*United States Code, Title 28, § 1446(d)* ..................................................................... *3*

*Cal. Corp. Code §§ 1905, 2011* .................................................................................. *6*

**Other Authorities**

*Federal Rule of Civil Procedure 19* ............................................................................ *9*

*Federal Rule of Civil Procedure 21* ............................................................................ *9*

*4 Moore's Federal Practice § 21.05, at 21-20 to -21* ................................................. *9*

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant FMC Corporation[1] ("Defendant") removes the state court action, *Mad Atom LLC v. FMC Foundation et al.*, Case No. CVRI2105845, from the Superior Court of the State of California for the County of Riverside, to the United States District Court for the Central District of California based on diversity jurisdiction. In support of this Notice of Removal, Defendant states as follows:

## I.  THE STATE COURT ACTION

Plaintiff, Mad Atom LLC ("Plaintiff"), filed a Complaint against Defendant and FMC Foundation on December 29, 2021 in the Superior Court of the State of California for the County of Riverside, Case No. CVRI2105845. Plaintiff filed the operative complaint, the First Amended FAC ("FAC"), on January 18, 2022. The FAC alleges three causes of action: (1) breach of written contract; (2) fraud/false promise; and (3) negligent misrepresentation. True and correct copies of all state court process, pleadings, and orders served upon Defendant are collectively attached as **Exhibit A**, in accordance with 28 U.S.C. § 1446(a).

Plaintiff is a California Limited Liability Company both formed in and with its principal place of business in California. (FAC, ¶ 1). Plaintiff is therefore a citizen of California. Defendant is a Delaware corporation with its principal place of business in Pennsylvania, and is therefore a citizen of Delaware and Pennsylvania. (*Id.*, ¶ 3). FMC Foundation is a fraudulently joined, dissolved, and unserved California non-profit corporation with its principal place of business prior to

---

[1] The correct name of this entity is FMC Corporation. Plaintiff erroneously named this entity as FMC Corporation a/k/a Food Machinery Corporation. Further, co-defendant FMC Foundation has not been served, has been dissolved since 2007, and was fraudulently joined for the reasons stated herein. Thus, while this Notice of Removal is filed on behalf of FMC Corporation, FMC Foundations' agreement to removal is not only unnecessary, but also, would be provided if required to perfect removal.

dissolution in Pennsylvania.  (*Id.*, ¶ 2; *See also* Declaration of Douglas Gush ("Gush Decl."), ¶ 4; *see also* concurrently filed Request for Judicial Notice ("RJN"), Ex. 1).

At its core, this case is a contract dispute between Defendant and Plaintiff.  On April 19, 1995, MLM Properties, Inc. ("MLM") and FMC Foundation entered into an Agreement of Purchase and Sale and Escrow Instructions ("Agreement") whereby MLM purchased real property located at 3007-3087 12th Street, Riverside, California 92507, (the "Property") from FMC Foundation.  (FAC, ¶ 10).

Subsequently, on April 6, 2017, MLM allegedly sold the Property to Plaintiff.  (*Id.*, ¶ 11).  MLM concurrently executed an Assignment/Assumption Regarding Warranties, Indemnities, and Contract Rights (the "Assignment"), whereby it assigned rights and obligations under the Agreement to Plaintiff.  (*Id.*).

Defendant signed an acknowledgement of receipt of written notice of the Assignment.  (*Id.*).  FMC Foundation filed its Statement of Dissolution on March 2, 2007, a decade before the Assignment was executed.  (Gush Decl., ¶ 4).  FMC Foundation was not a party to the Assignment.  (FAC, Ex. 2).  After the Assignment, Plaintiff alleges that it incurred $584,000 in costs to remediate lead paint and asbestos that it claims exist on the Property.  (*Id.*, ¶ 21).  Plaintiff claims the Assignment entitles it to be reimbursed for the $584,000 spent and that Defendant's former Executive Vice-President, General Counsel, and Secretary Andrea E. Utecht's ("Ms. Utecht") acknowledgement of receipt of written notice of the Assignment was a representation of a promise to reimburse Plaintiff for the $584,000 costs incurred.  (*Id.*, ¶¶ 9-43).  The scope of protection Defendant owes to Plaintiff under the Assignment forms the basis for this lawsuit.

**II.     BASIS FOR REMOVAL – DIVERSITY JURISDICTION**

This case is properly removed under United States Code, Title 28, § 1441 because it is a civil action that falls within the Court's original jurisdiction under United States Code, Title 28, § 1332 (diversity of citizenship).  The matter in

controversy exceeds $75,000, exclusive of interests and costs, and complete diversity exists between the properly-considered parties.

### III. THE REQUIREMENTS FOR REMOVAL ARE SATISFIED

Plaintiff commenced this action on December 29, 2021. Plaintiff did not serve any named defendant with its initial pleading, and filed a First Amended Complaint on January 18, 2022. Plaintiff served Defendant with the First Amended Complaint on July 27, 2022.[2] This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed on and as of August 5, 2022. Finally, venue is proper in this Court because the United States District Court for the Central District of California embraces the county in which the state court action is now pending. 28 U.S.C. §§ 1441(a), 84(c).

As required by United States Code, Title 28, § 1446(d), Defendant will file in the state court and serve on all parties a Notice to Opposing Party of Removal and this Notice of Removal.

### IV. THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

The amount in controversy requirement is satisfied since Plaintiff's FAC alleges damages – exclusive of interests and costs – in the amount of $584,000, which clearly exceeds the $75,000 requirement. (*See* FAC, Prayer ¶¶ 1, 3, 5). Because it is facially apparent that the FAC seeks damages in excess of $75,000, the amount in controversy requirement for diversity jurisdiction is satisfied. 28 U.S.C. § 1332.

### V. COMPLETE DIVERSITY EXISTS BETWEEN PROPERLY JOINED PARTIES

If the Court considers all properly joined parties, complete diversity exists. To review, Plaintiff is a California corporation with its principal place of business in California. (FAC, ¶ 1). Defendant FMC Corporation is a Delaware corporation with its principal place of business in Pennsylvania. (*Id.*, ¶ 3). Since Plaintiff is a citizen

---

[2] Plaintiff's Proof of Service of Summons filed on July 28, 2022 with the state court, states that service was effectuated on Defendant on July 26, 2022. In reality, Defendant was actually served on July 27, 2022. Regardless of whether service was effectuated on July 26 or July 27, this Notice of Removal is timely.

of California, and Defendant is a citizen of Delaware and Pennsylvania, complete diversity exists between the Plaintiff and the properly named Defendant, FMC Corporation.

Defendant FMC Foundation – which has not been served and does not need to consent to this removal, but would so-consent if the Court requires as much – is a dissolved non-profit corporation formed under the laws of the State of California with its last principal place of business in Pennsylvania. (*Id*., ¶ 4). Thus, FMC Foundation is a citizen of California and Pennsylvania. However, FMC Foundation's citizenship should be disregarded for purposes of determining whether diversity exists. As explained below, FMC Foundation has been fraudulently joined in an attempt to defeat diversity and avoid federal court jurisdiction.

### A. FMC Foundation Is Fraudulently Joined

When a party has been fraudulently joined, its citizenship may be disregarded for purposes of assessing subject matter jurisdiction. As explained in *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001), one exception to the requirement of complete diversity is where a non-diverse defendant has been "fraudulently joined." When "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). If joinder is deemed fraudulent, the "defendant's presence in the lawsuit is ignored for purposes of determining diversity." *Morris*, 236 F.3d at 1067.

As set forth below, Defendant FMC Foundation has been fraudulently joined to this action because Plaintiff cannot state a single cause of action against it. With respect to the fraud/false promise and negligent misrepresentation claims, the facts show that FMC Foundation was dissolved years before any alleged statement concerning Plaintiff's rights under the Agreement could have been made to Plaintiff and it therefore could not have made any statements concerning same. Similarly,

Plaintiff cannot state a cause of action for breach of contract since (a) all of Plaintiff's claims arise from a contract to which FMC Foundation is not a party and could not have been a party, and (b) Plaintiff cannot establish that FMC Foundation and Defendant are alter egos. Finally, Plaintiff cannot establish that FMC Foundation is a necessary and indispensable party. As a result, FMC Foundation's citizenship should be disregarded.

### 1. FMC Foundation's 2007 Dissolution Precludes A Finding That It Could Have Made Any Representation In 2017

Plaintiff can never state a cause of action for fraud or negligent misrepresentation against FMC Foundation because the alleged misrepresentation underlying these claims took place on April 6, 2017, almost a decade after FMC Foundation was dissolved. (FAC, ¶ 11). To establish a claim for fraud or negligent misrepresentation, Plaintiff must show FMC made a "misrepresentation." *See Tenet Healthsystem Desert, Inc. v. Blue Cross of California*, 245 Cal. App. 4th 821, 837, 845 (2016). Plaintiff cannot show that FMC Foundation made a misrepresentation in 2017 because FMC Foundation was dissolved nearly a decade before the alleged misrepresentation took place. Specifically, Plaintiff alleges that Ms. Utecht, the former Executive Vice-President, General Counsel, and Secretary of *FMC Corporation*, intentionally misrepresented that Defendants would reimburse Mad Atom for the costs of remediating any hazardous material from the Property at the time she executed the Assignment, and Defendants later refused to reimburse Plaintiff for such costs after it spent $584,00 on remediation. (*Id.*, ¶¶ 28, 37).

At the time of the Assignment, Ms. Utecht worked for *FMC Corporation* – the sole FMC entity that executed the acknowledgment of assignment – and not FMC Foundation, and thus could not have made any representations on behalf of FMC Foundation. In fact, since its dissolution, Ms. Utecht was not authorized to act or make representations on FMC Foundation's behalf. (*See* Gush Decl., ¶ 5; *Mavrix Photographs, LLC v. Livejournal, Inc.*, 873 F.3d 1045, 1054 (9th Cir. 2017)

(explaining that an agent must have authority to act on the principal's behalf); *S.E.C. v. Daifotis*, 874 F. Supp. 2d 870, 886 (N.D. Cal. 2012) (stating, "a corporation can only act through its agents[.]")). As a result, it is impossible that Ms. Utecht could have made any representation on FMC Foundation's behalf, let alone a misrepresentation, as she was never authorized to act on FMC Foundation's behalf.

Moreover, it is factually impossible for FMC Foundation to have made this misrepresentation—or any representation—at any point after 2007, as it was a dissolved entity that had no agents to act on its behalf. (*See* Gush Decl., ¶ 5; FAC, ¶ 11); Cal. Corp. Code §§ 1905, 2011; *A.B. Concrete Coating Inc. v. Wells Fargo Bank, Nat'l Ass'n*, 491 F. Supp. 3d 727, 733 (E.D. Cal. 2020) (explaining that once a corporation files a certificate of dissolution it exists for the "limited purpose" of winding up its affairs and its normal business activities cease) (quoting *Catalina Invs., Inc. v. Jones*, 98 Cal. App. 4th 1, 7 (2002)).

Here, there are no allegations, nor any facts, establishing that the Assignment signed by Defendant is connected in any way to the winding up of FMC Foundation's affairs. Further, it is legally impossible that anyone could have made any misrepresentations on FMC Foundation's behalf in 2017, as FMC Foundation had been completely wound up, its assets distributed, and its Certificate of Dissolution filed, in 2007. (Gush Decl., ¶ 4). Therefore, from a purely practical standpoint, FMC Foundation had no one to act on its behalf and could not have made any representations concerning indemnification or reimbursement under the Agreement.

For these reasons, Plaintiff cannot state a claim for fraud/false promise or negligent misrepresentation against FMC Foundation.

**2. FMC Foundation's 2007 Dissolution Precludes A Finding That It Could Have Been A Party To The Assignment Or Breached The Assignment**

Because FMC Foundation was dissolved in 2007, there is no scenario in which it could have breached any agreement after its dissolution, let alone the Agreement

or Assignment. Specifically, Plaintiff cannot prove a breach of contract claim against FMC Foundation for three reasons.

*First*, FMC Foundation does not have a contractual relationship with Plaintiff. Under California law "only a signatory to a contract may be liable for any breach." *United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002) (finding that a defendant had been fraudulently joined and her citizenship was irrelevant for purposes of diversity where every claim stemmed from a contract the defendant had not signed); *United Studios of Self Def., Inc. v. Rinehart*, No. SACV181048DOCDFMX, 2019 WL 6524705, at *9 (C.D. Cal. Dec. 4, 2019), judgment entered sub nom. *United Studios of Self Def., Inc. v. Kristopher Rinehart, MD*, No. 818CV01048DOCDFM, 2019 WL 7290468 (C.D. Cal. Dec. 30, 2019) (explaining that a valid contract requires the existence of a party capable of contracting and breach of contract requires a valid contract); *Oja v. Blue Mountain Cmty. Coll.*, 184 F. App'x 597, 599 (9th Cir. 2006) (finding a breach of contract claim was not established when there was no valid contract). Plaintiff does not dispute that the Agreement was made between FMC Foundation and MLM Properties, Inc., with Defendant being bound to the indemnity obligations in Section 4. (FAC, Ex. 1). The Assignment is between MLM Properties, LLC and Plaintiff, with Defendant FMC *Corporation* acknowledging receipt of written notice of the assignments. (FAC, Ex. 2). Yet, the FAC's sole and exclusive contract claim alleges that FMC Foundation also breached the Assignment – to which it was never a party – by failing to indemnify Mad Atom for the findings uncovered during the environmental inspection. (FAC ¶¶ 15, 20). Because there was no binding contract between FMC Foundation and Plaintiff, FMC Foundation cannot be in breach of such an obligation.

*Second*, FMC Foundation cannot be bound to the Assignment, let alone be in breach of the Assignment, because it was dissolved a decade before the Assignment even existed and never signed on to the Assignment. Indeed, even if FMC Foundation existed today (which it does not), the Assignment is the sole vehicle

which provides Plaintiff rights to the Agreement's indemnification provisions. Yet, FMC Foundation did not sign on to the Assignment.

*Third,* according to the terms of the Agreement, FMC Foundation cannot be subject to any assignment for which it did not provide "prior written consent[.]" (FAC, Ex. 1, §9.1). Again, FMC Foundation did not provide any such consent, nor could it have done so in 2017, because it was dissolved. As evidenced by the Assignment, only Defendant acknowledged receipt of and signed on to the Assignment. (FAC, Ex. 2). Therefore, according to the terms of the Agreement, FMC Foundation cannot be, and is not, bound to the terms of any agreement between Plaintiff and any other entity, as it was not provided with "prior written consent[.]" (*Id.*).

For each of the above reasons, it is clear Plaintiff cannot state a breach of contract claim against FMC Foundation.

### 3. Plaintiff Cannot State An Alter-Ego Theory Because It Cannot Show Unity Of Interest And Ownership Or An Inequitable Result

Finally, any attempt by Plaintiff to tie FMC Foundation and Defendant together via an insufficiently pleaded alter ego theory must fail. To establish alter ego, two conditions must be met. There must be (1) such a unity of interest and ownership between the two corporations that the separate personality of each does not exist, and (2) an inequitable result must follow if the act in question is attributed to only one party. *Higley v. Cessna Aircraft Co.*, 2010 WL 3184516, at *2 (C.D. Cal. July 21, 2010); *Toho-Towa Co. v. Morgan Creek Prods., Inc.*, 217 Cal. App. 4th 1096, 1108 (2013) (explaining that alter ego liability may exist where there is "such a unity of interest between a corporation and its shareholder that separateness has ceased, yielding an inequitable result.").

First, Plaintiff has not pled that a unity of interest and ownership exists between FMC Foundation and Defendant. In fact, Defendant is, and at all times has

been, a separate and distinct entity from FMC Foundation. (Gush Decl., ¶ 3). Second, even if Plaintiff can show unity of interest and ownership, there is no scenario where Plaintiff can show that it would be inequitable for a Court to attribute any misrepresentation or breach only to Defendant and not FMC Foundation. As discussed above, FMC Foundation is a dissolved entity that has no assets. Even if this Court were to find that FMC Foundation should be held liable for Defendant's actions through an alter-ego theory, Plaintiff would still only be able to recover from Defendant—the legally operative entity.

### B. FMC Foundation Is Not A Necessary And Indispensable Party

Alternatively, the Court should sever and remand Plaintiff's claims against FMC Foundation pursuant to Federal Rule of Civil Procedure 21 because FMC Foundation is not a necessary and indispensable party under Federal Rule of Civil Procedure 19. Under Rule 21, district courts may sever and remand claims against unnecessary defendants to perfect diversity jurisdiction. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) (stating "it is well-settled that Rule 21 invests district courts with authority to allow a dispensable party to be dropped at any time"). The Ninth Circuit has stated that Rule 21 "is viewed as a grant of discretionary power to the federal court to perfect its diversity jurisdiction by dropping a nondiverse party provided the nondiverse party is not indispensable to the action under Rule 19." *Kirkland v. Legion Ins. Co.*, 343 F.3d 1135, 1142 (9th Cir. 2003) (internal quotation marks and brackets omitted); *accord Koehler v. Dodwell*, 152 F.3d 304, 308 (4th Cir. 1998) ("[A] party or claim whose presence deprives the court of jurisdiction may be dropped or severed from the action.") (citing Fed. R. Civ. P. 21)). Courts may sever claims against even a properly joined party, so long as that party is not necessary and indispensable within the meaning of Rule 19. *See* 4 Moore's Federal Practice § 21.05, at 21-20 to -21 ("[C]ourts agree that the Rule may apply even in the absence of misjoinder or nonjoinder."). FMC Foundation is not a necessary or indispensable party to this litigation. It is neither a party to the

Assignment, nor was it in existence when the facts in the FAC allegedly took place. As a result, if the Court decides Plaintiff has stated a cause of action against FMC Foundation, it should sever and remand the claims back to the Superior Court.

## VI. CONCLUSION

Accordingly, Defendant FMC Corporation respectfully requests that this action now pending against Defendant and FMC Foundation in the Superior Court of the State of California, County of Riverside, be removed to this Court and that this action be placed upon the docket of this Court for further proceedings as though originally instituted in this Court.

Dated: August 5, 2022

**TROUTMAN PEPPER HAMILTON SANDERS LLP**

By: _____
Jeffrey M. Goldman
*Attorneys for Defendant*
FMC CORPORATION, a Delaware corporation a/k/a FOOD MACHINERY CORPORATION